**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000029**
**28-MAR-2019**
**08:09 AM**

NO. CAAP-17-0000029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GAREN B. WINHAM, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-16-00004)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

In this secondary appeal, Petitioner-Appellant Garen B. Winham (Winham) appeals from the Decision and Order Affirming Administrative Revocation (Order) and the Judgment on Appeal (Judgment), both entered on December 21, 2016, by the District Court of the First Circuit (district court).[1] The district court affirmed the administrative revocation of Winham's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i, acting through a hearing officer (Hearing Officer) of the Administrative Driver's License Revocation Office (ADLRO).

On appeal, Winham alleges that the district court erred in affirming the Hearing Officer's conclusion that Winham had a

---

[1]    The Honorable Lono J. Lee presided.

prior alcohol enforcement contact within the five years preceding the date the notice of administrative revocation was issued.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we affirm.

I.

A.    Prior Offense

On January 30, 2016, Winham was arrested for operating a vehicle under the influence of an intoxicant (OVUII). Winham was issued a notice of administrative revocation (1/30/16 Revocation) and issued a temporary permit, pursuant to Hawaii Revised Statues (HRS) § 291E-33 (Supp. 2018). On February 5, 2016, the ADLRO issued its notice of administrative review decision (2/5/16 Administrative Review Decision), sustaining the 1/30/16 Revocation and providing for the revocation of Winham's license and privilege to operate a vehicle from March 1, 2016 to February 28, 2018.

On February 9, 2016, Winham requested an administrative hearing to review the 2/5/16 Administrative Review Decision. After a series of continuances, the ADLRO held the administrative hearing on July 12, 2016. On the same day, the ADLRO issued a notice of administrative hearing decision, rescinding the administrative revocation and terminating the administrative revocation proceedings due to the failure of subpoenaed officers to appear at the hearing.

On June 14, 2016, in the criminal proceedings arising from the January 30 arrest, the district court[2] found Winham guilty for the offense of OVUII, in violation of HRS § 291E-61(a)(1) (Supp. 2016). At the sentencing proceedings held on June 22, 2016, the district court continued further sentencing for the imposition of Winham's license revocation to August 15, 2016.

_____

[2]    The Honorable James McWhinnie presided over this portion of the criminal proceedings.

**B.    Current Offense**

On July 4, 2016, Winham was again arrested for an OVUII offense and issued a notice of administrative revocation (7/4/16 Revocation).  On July 11, 2016, the ADLRO issued its notice of administrative review decision (7/11/16 Administrative Review Decision), sustaining the 7/4/16 Revocation and providing for the revocation of Winham's license and privilege to operate a vehicle from August 4, 2016 to February 3, 2018.

On July 18, 2016, Winham requested an administrative hearing to review the 7/11/16 Administrative Review Decision. The ADLRO held the hearing on October 18, 2016.  On October 20, 2016, the Hearing Officer issued her Findings of Fact, Conclusions of Law and Decision (FOF/COL/Decision).  The FOF/COL/Decision affirmed the 7/11/16 Administrative Review Decision and concluded that the 18-month administrative revocation of Winham's driver's license was appropriate because: Winham had a prior alcohol enforcement contact that had taken place within five years of the date of the present administrative revocation; the undisputed evidence taken as a whole established reasonable suspicion and probable cause for Winham's arrest for OVUII; and the preponderance of the evidence proved Winham operated the vehicle while under the influence of an intoxicant.

**II.**

This is a secondary appeal from the district court's review of the administrative revocation of a driver's license. We review the district court's decision under the right/wrong standard.  Freitas v. Admin. Dir. of the Courts, 108 Hawai‘i 31, 43, 116 P.3d 673, 685 (2005) (quoting Soderlund v. Admin. Dir. of the Courts, 96 Hawai‘i 114, 118, 26 P.3d 1214, 1218 (2001)).

**III.**

Winham contends that she had no prior alcohol enforcement contact because, at the time the 7/4/16 Revocation was issued, Winham had a valid temporary driver's permit and the previous ADLRO proceeding had been rescinded.  In her opening brief, Winham incorrectly uses the date of the notice of

3

administrative review decision as the date from which to measure whether there was a prior alcohol enforcement contact within the preceding five years. As provided in HRS § 291E-41 (Supp. 2018), the five-year period for a prior alcohol enforcement contact is measured from the date the notice of administrative revocation is issued. The notice of administrative revocation is the written notice issued by a law enforcement officer on the date of arrest for OVUII. HRS §§ 291E-1, -33 (Supp. 2018). Winham essentially argues that the prior ADLRO proceeding did not constitute an administrative revocation and an alcohol enforcement contact for purposes of extending the revocation period to eighteen months instead of one year. We find no merit to this argument.

> "Alcohol enforcement contact" is defined as:
>
> (1) Any administrative revocation ordered pursuant to part III;
> (2) Any administrative revocation ordered pursuant to part XIV of chapter 286, as that part was in effect on or before December 31, 2001;
> (3) Any suspension or revocation of any license or any suspension or revocation of a privilege to operate a vessel underway imposed by this or any other state or federal jurisdiction for refusing to submit to a test for alcohol concentration;
> (4) Any conviction in this State for operating or being in physical control of a vehicle while having an unlawful alcohol concentration or while under the influence of alcohol; or
> (5) Any conviction in any other state or federal jurisdiction for an offense that is comparable to operating or being in physical control of a vehicle while having an unlawful alcohol concentration or while under the influence of alcohol.

HRS § 291E-1 (emphasis added). Part III of HRS chapter 291E establishes the statutory framework for the administrative revocation process.

At the time Winham was issued the 7/4/16 Revocation, the ADLRO had already issued its 2/5/16 Administrative Review Decision, which sustained the 1/30/16 Revocation. The 2/5/16 Administrative Review Decision provided that the administrative revocation based on the 1/30/16 Revocation would become effective on March 1, 2016, thirty days after the notice of revocation. See HRS § 291E-41(a) (Supp. 2018) ("[A]dministrative revocation shall become effective on the day specified in the notice of

administrative revocation."); HRS § 291E-31 (Supp. 2018) ("[T]he notice of administrative revocation . . . [e]stablishes that the respondent's license . . . shall be terminated . . . [t]hirty days after the date the notice of administrative revocation is issued in the case of an alcohol related offense[,] . . . if the director administratively revokes the respondent's license and privilege[.]"). Therefore, an administrative revocation had been ordered pursuant to part III of HRS chapter 291E.

Winham argues that there was no administrative revocation because the administrative revocation arising out of the January 30, 2016 arrest had been rescinded. The administrative revocation arising out of the January 30, 2016 arrest was rescinded on July 12, 2016, eight days after the 7/4/16 Revocation and one day after the 7/11/16 Administrative Review Decision. Notwithstanding this rescission, we conclude that an administrative revocation was ordered within the five year time period preceding the 7/4/16 Revocation. Accordingly, because an administrative revocation had been ordered pursuant to part III of HRS chapter 291E, the ADLRO proceedings arising out of the January 30, 2016 arrest constituted an alcohol enforcement contact.[3] See HRS § 291E-1.

Winham's contention that she had a temporary permit at the time of the 7/4/16 Revocation has no bearing on our conclusion. The temporary permit provided by HRS chapter 291E allows a respondent to operate a vehicle on a temporary basis while ADLRO proceedings are in progress. Notwithstanding the issuance of a temporary permit, a respondent's driver's license is still revoked, as was the case with Winham here.

We conclude that Winham had a prior alcohol enforcement contact within the five years preceding the 7/4/16 Revocation and

---

[3] Winham also contends that the district court's conclusion that there was a prior "alcohol enforcement contact" could arguably have been based on whether there was a "conviction in this State for operating or being in physical control of a vehicle while having an unlawful alcohol concentration or while under the influence of alcohol[.]" HRS § 291E-1. In light of our conclusion that there was an alcohol enforcement contact in the form of an administrative revocation, we need not address Winham's arguments regarding her conviction.

the district court correctly affirmed the administrative revocation of Winham's driver's license for an 18-month period.

### IV.

Therefore, IT IS HEREBY ORDERED that the Decision and Order Affirming Administrative Revocation and the Judgment on Appeal, both filed on December 21, 2016, in the District Court of the First Circuit, are affirmed.

DATED:   Honolulu, Hawaiʻi, March 28, 2019.

On the briefs:

Christopher R. Evans,
for Petitioner-Appellant.

Delanie D. Prescott-Tate
Deputy Attorney General
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge